

UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF ILLINOIS

FILED

OCT 07 2009 TC
Oct 7, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL PULLIAM, Plaintiff,

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO INC, TRANS UNION, LLC, BAKER, MILLER, MARKOFF & KRASNY, LLC

Civil Action No. 08 CV6690
08cv6690

The Honorable Judge Kennelly

**PLAINTIFF'S MOTION FOR THE REQUEST FOR SANCTIONS AGAINST AMEX**

Plaintiff, Michael Pulliam (Pro-Se), respectfully requests that this sanction or not allow AMEX's Discovery requests due to violations and/or requests of questions and subparts which violate the Federal Rule of Civil Procedure 33(a)(1).

AMEX's propounds the Plaintiff answer questions (many of which contain subparts) which exceeds the 25 allowed number of questions as allowed by FRCP 33(a)(1). A copy of the interrogatory has been attached as exhibit (A) for the Court's review.

WHEREFORE, Michael A. Pulliam, Plaintiff, respectfully request that his court disallow AMEX's discovery request(s) and/or sanction AMEX accordingly due to the violations.

Respectfully,

Michael Pulliam

Michael Pulliam
3473 S. King Drive #501
Chicago, Illinois 60616
312-305-3215

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL PULLIAM,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC., et al.,<br><br>Defendants. | ) | No. 08 CV 6690<br><br>The Honorable Judge Matthew F. Kennelly, presiding<br><br>Magistrate Judge Morton Denlow |

**AMERICAN EXPRESS' INTERROGATORIES TO PLAINTIFF MICHAEL PULLIAM**

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC. ("AMEX"), by and through its attorneys HINSHAW & CULBERTSON LLP, propounds the following Interrogatories to the plaintiff, MICHAEL PULLIAM, to be answered within thirty (30) days of service hereof as follows:

**DEFINITIONS & INSTRUCTIONS**

A. Each interrogatory shall be answered separately and fully. You must set forth in full each interrogatory being answered immediately preceding the answer. Where an interrogatory calls for an answer in more than one part, separate the parts in your answer accordingly so that each part is clearly set out and understandable.

B. In answering these interrogatories, include all information available to you, your representatives, employees, agents, attorneys and consultants without regard to the admissibility of such information in evidence.

C. If you have only incomplete knowledge of the answer to an interrogatory, please:

a. answer to the extent of your knowledge;

Exhibit A

b. state specifically what part or area of the interrogatory you have only incomplete knowledge of; and,

c. identify the person(s) who does or might have additional knowledge or information to complete the answer.

D. The word "documents" includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage. The term "documents" shall be given the broadest construction possible.

E. When the answer to an interrogatory may be obtained from documents in your possession or control, it shall be a sufficient answer to the interrogatory to produce those documents responsive to the interrogatory. If you elect to answer an interrogatory by the production of documents, that production shall comply with the requirements of Rule 34 of the Federal Rules of Civil Procedure and you must identify the documents which are responsive to the interrogatory.

F. The word "correspondence" means all documents whereby communications are attempted or effectuated. "Correspondence" includes not only letters, memoranda and facsimile transmissions, but also electronic or paperless communications such as computer messages and voice mail messages. The term "correspondence" shall be given the broadest construction possible.

G. The word "identify" when used in connection with a verbal communication means to state the following:

a. the date of that communication;

b. the identify of the persons who were parties to that communication;

c. the identify of the persons who were witnesses (other than the parties) to that communication;

d. whether that communication was face to-face and/or over the telephone, and if face-to-face, describe the location of that communication; and

e. the identity of any documents which pertain to that communication.

Exhibit A

H. The word "identify" when used in reference to a natural person (i.e., a human being), means to state:

a. the person's full name;
b. present (or last known) address;
c. present (or last known) occupation or position; and,
d. name of present (or last known) employer.

I. The word "identify" when used in reference to a business or entity means to state:

a. its full name;
b. its present (or last known) address; and
c. its present (or last known) telephone number.

J. The word "identify" when used in reference to a document, means to state:

a. its date;
b. its subject and its substance;
c. its author;
d. its recipients;
e. the type of document (e.g., letter, memorandum, telegram, chart, computer input or print-out, photograph, sound reproduction, etc.);
f. if the document is no longer in your possession or subject to your control, then identify the present (or last known) custodian of the document and state whether the document:

(1) is missing or lost;
(2) has been destroyed;
(3) has been transferred, voluntarily or involuntarily, to others; or
(4) otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for disposition thereof and state the date or approximate date thereof; and

K. The term "pertaining to" means referring to, reflecting or to be related in any manner logically, factually, indirectly, or directly to the matter discussed.

L. The term "communication" means any transmission of words, thoughts or information between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, radio or electronic mail services and documents as defined above.

Exhibit A

M. The conjunctions "and," "or" and "and/or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any request. Similarly, the singular shall include the plural and the plural shall include the singular.

N. If you withhold information or documents from disclosure on a claim that they are privileged pursuant to a common law or statutory privilege, any such claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced or disclosed and the exact privilege which is being claimed.

O. Pursuant to Rule 26 of the Federal Rules of Civil Procedure you are under a continuing duty to seasonably supplement or amend any prior answer or response whenever new or additional information within the scope of the interrogatory subsequently becomes known to you.

P. "You" "Your" "Pulliam" or "Plaintiff" shall mean and refer to Michael Pulliam the named plaintiff in the above referenced matter and her agents, employees, representations or any affiliates.

Q. "American Express" shall mean and refer to American Express Travel Related Services Company, Inc., and its agents, employees, representatives or any affiliates.

R. The time period encompassed by these interrogatories is from January 1, 2006 to the present, unless specifically enlarged or shortened or if the request cannot be answered within the timeframe set forth herein.

Exhibit A

## INTERROGATORIES

1. Identify all persons or entities to which you maintain AMEX disseminated information about you and for each, identify the date(s) of the dissemination, who specifically disseminated the information, what was said, and, if applicable, why you believe the information disseminated to be untrue, false or inaccurate.

**ANSWER:**

2. Identify the lender(s) who declined to lend to you either personally or for business as alleged by you in the complaint. For each identify the (1) persons you talked with at each lender about the loans (2) the amount of the loan requested; (3) the purpose of the loan; (4) the time period from the request to the discussion/negotiations and the denial.

**ANSWER:**

3. For each loan denied as identified above, identify every conversation and what was said regarding the denial and who said it.

**ANSWER:**

4. Identify every conversation you had with anyone about settling/ resolving your AMEX delinquency.

**ANSWER:**

5. Identify any other disputes over reported information you have had with other credit furnishers or providers other than AMEX.

**ANSWER:**

6. Identify, separately, the amounts for which you settled with each of the defendants in this lawsuit.

**ANSWER:**

7. Identify with specificity the monetary damages you claim were caused by AMEX, the nature of the damage, how you calculated the damage and if you maintain any entity other than AMEX may be partly or entirely responsible.

**ANSWER:**

8. Identify all facts which support your contention that either Zwicker or Baker Miller were not meaningfully involved in the collection of the debt you owed to AMEX.

**ANSWER:**

Exhibit A

9. Assuming AMEX reported your AMEX account as being "settled-less than full balance" or "charge-off", do you contend that such reporting is inaccurate? If yes, identify all facts which support that these statements of your account.

**ANSWER:**

10. Did you understand your account with AMEX to have two separate features? Specifically did you understand that while you only had one account with AMEX, you had revolving account where you were able to carry a balance and make a minimum monthly payment and then you also had a typical charge account feature where you were to pay off the money balance each month? If this is not your understanding, describe what you understood your charge card features to be and why the description contained in this interrogatory is not accurate.

**ANSWER:**

11. Identify all facts including any documents, correspondence or the like which support that AMEX knew about your attempts to obtain the loans identified in Interrogatory No. 2.

**ANSWER:**

12. Identify by date every account review you claim was conducted by American Express, how you found out about it and any documents which identify the account reviews.

**ANSWER:**

13. Identify your income from all sources, per year, from 2006 to the filing of the lawsuit and your expenses/debt owed for the same time period.

**ANSWER:**

14. Identify all facts including but not limited to all documents, communications, correspondence or the like wherein AMEX acted in a wilful, reckless and/or malicious manner.

**ANSWER:**

15. Identify all facts which support your allegation that your character was defamed including specific damages you suffered as a result thereof.

**ANSWER:**

16. Identify with specificity the "emotional distress and mental anguish" you claim you suffered include in this answer whether you had any physical manifestation of this emotional distress or mental anguish, sought medical or therapeutic help for the same and whether you were prescribed any medication.

**ANSWER:**

Exhibit A

17. Identify all facts which support your contention that AMEX's reporting diminished your credit score.

**ANSWER:**

18. Identify all facts which support your contention that AMEX reported that your account or loan type was a manufactured housing account.

**ANSWER:**

19. Identify all properties contained in your "real estate portfolio valued over several million dollars" and identify the current appraised value of the same and any outstanding liens on each property.

**ANSWER:**

20. Identify all facts which support your contention that AMEX purposefully interfered with your attempt to obtain a loan to prevent you from obtaining the loan.

**ANSWER:**

21. Identify all facts which support that the lenders with which you applied for loans were going to grant the loans but for the AMEX reporting.

**ANSWER:**

22. Describe your work history, including your present occupation, and business address during the past seven years.

**ANSWER:**

23. Identify all other lawsuits in which you were or are a party, including for each suit the cause number, the name of the court, the subject matter, the amount in controversy, and any resolution.

**ANSWER:**

24. Describe any criminal record you have, whether you have been convicted of a crime, pleaded guilty or no contest, and if so, the date of each conviction or plea, the name of the court, and the crime involved.

**ANSWER:**



Exhibit 4

25. Identify all persons heaving knowledge of any of the facts, occurrences, and matters set forth in the Fifth Amended Complaint-Third Version and describe generally the substance of the knowledge possessed by each.

**ANSWER:**

26. State the basis for your contention that AMEX did not conduct a reasonable and/or timely investigation of your disputes as set forth in the FCRA.

**ANSWER:**

27. Identify any credit denied for each identify the credit sought, when it was sought and the reason for the denial.

**ANSWER:**

28. Identify any loans extended to you, when they were extended, who extended them and the amount and type of loan.

**ANSWER:**

29. Identify all credit extended to you, when it was extended, and who extended it.

**ANSWER:**

Respectfully submitted,

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC.,

By: ______________________________
Elizabeth F. Staruck
One of Its Attorneys

Daniel K. Ryan
Elizabeth F. Staruck
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Phone: 312-704-3000

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL PULLIAM,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC., et al.,<br><br>Defendants. | ) | No. 08 CV 6690<br><br>The Honorable Judge Matthew F. Kennelly, presiding<br><br>Magistrate Judge Morton Denlow |

**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MICHAEL PULLIAM**

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC. ("AMEX"), by and through its attorneys HINSHAW & CULBERTSON LLP, propounds the following Request for Production to the plaintiff, Michael Pulliam, to be answered, within thirty (30) days of service hereof as follows:

**INSTRUCTIONS AND DEFINITIONS**

A. Produce all documents as defined herein which are within the possession or control of Michael Pulliam.

B. Produce all documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request, and all retrievable information in computer storage in printed form.

C. The time period encompassed by these requests is from January 1, 2006 to the present, unless specifically enlarged or shortened or if the request cannot be answered within the timeframe set forth herein.

D. If you make written objections to a part of the request, the remainder of the request shall be complied with.

E. With respect to any document responsive hereto which was, but is no longer in your possession, custody or control, you are required to submit a statement setting forth as to each such document what disposition was made of it.

F. "Communications" shall mean all or any of the following: writings, oral conversations, conversations by telephone, meets, e-mails, regular mail, and any other exchange of information in any form.

G. "Documents" shall mean and include the originals of all documents comprehended within that term, including, without limitations, all documents, papers, writings, opinions, reports, orders, work papers, worksheets, letters, correspondence, cables, telegrams, telexes, photographs, negatives or slides, charts or diagrams, layouts, memoranda, diaries, time records, calendars, books, accounts, notes, notebooks, records of conversations, computer or punch card printouts, publications, contracts, agreements, minutes, statements, bills, checks, check stubs, canceled or returned checks, receipts, invoices, bills of lading, claim reports, incident reports, computer files, printouts of database records, electronic mail, pamphlets, periodicals, interoffice communications, police reports, court records, intracompany communications, and any written, recoded graphic or other tangible record of any kind, however produced or reproduced, and all drafts, carbon copies and file copies of any of the forgoing. The term "documents" shall be given the broadest construction possible.

H. "Person" shall mean any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the forgoing.

I. "Control" means actual possession, constructive possession, beneficially owning or the power to obtain and obtain any document.

J. The term "pertaining to" means referring to, reflecting or to be related in any manner logically, factually, indirectly, or directly to the matter discussed.

K. The term "communication" means any transmission of words, thoughts or information between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, radio or electronic mail services and documents as defined above.

L. The conjunctions "and," "or" and "and/or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any request. Similarly, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neuter pronoun or description shall not exclude and shall include all other genders.

M. If you withhold information or documents from disclosure on a claim that they are privileged pursuant to a common law or statutory privilege, any such claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced or disclosed and the exact privilege which is being claimed.

N. Pursuant to Rule 26 of the Federal Rules of Civil Procedure you are under a continuing duty to seasonably supplement or amend any prior answer or response whenever new or additional documents within the scope of the request subsequently becomes known to you.

O. "You" "Your" "Pulliam" or "Plaintiff" shall mean and refer to Michael Pulliam the named plaintiff in the above-referenced lawsuit.

P. "American Express", "AMEX" or "Defendant" shall mean and refer to American Express Travel Related Services Company, Inc. and its agents, employees, representatives, or any affiliates.

## REQUESTS FOR PRODUCTION

1. Produce all documents identified in or relied upon to answer American Express' Interrogatories.

**RESPONSE:**

2. Produce all documents which plaintiff claims supports his claims asserted against American Express.

**RESPONSE:**

3. Produce any documents documenting plaintiff's alleged mental anguish, humiliation, embarrassment.

**RESPONSE:**

4. Produce all documents which support plaintiff's damage claims as described in the answer to interrogatories.

**RESPONSE:**

5. Produce all documents relating to any communication regarding plaintiff's American Express account dispute that the plaintiff had with any entity or person, including, but not limited to:

a. American Express;

b. Any credit bureau/credit reporting agency (including but not limited to Trans Union, Experian, or Equifax);

c. Any collection agency or debt collector; and/or

d. Any governmental agency.

**RESPONSE:**

6. Any and all documents which show how plaintiff mitigated his damages.

**RESPONSE:**

Exhibit A



7. All documents which relate to the alleged defamatory statements and/or invasion of privacy allegations made by plaintiff against American Express.

**RESPONSE:**

8. All documents which refer or relate to whether plaintiff's application for credit or other financing was denied.

**RESPONSE:**

9. All documents which refer or relate to whether the damages alleged by plaintiff were caused by AMEX willfully or with malice.

**RESPONSE:**

10. All documents which refer or relate to AMEX's knowledge of the loans Pulliam was seeking.

**RESPONSE:**

11. All documents which refer or relate to whether the loans were denied because of AMEX's reporting.

**RESPONSE:**

12. All of plaintiff's consumer reports and disclosures.

**RESPONSE:**

13. All documents relating to your lending or credit relationships as referenced in the Fifth Amended Complaint. These documents shall include, but not be limited to:

a. Loan or credit applications;

b. Loan or credit denial letters ; and

c. Communication between you and the lenders or your creditors.

**RESPONSE:**

14. All documents relating to any applications for credit or financing during 2008 to the present wherein the credit or financing was extended to you..

**RESPONSE:**

15. All documents which relate or refer to whether Pulliam's reputation was damaged as a result of AMEX's alleged actions or inactions.

**RESPONSE:**

16. All documents relating to any contracts between AMEX and Pulliam.

**RESPONSE:**

17. All documents relating to any contracts Pulliam entered into with someone other than AMEX regarding his AMEX account.

**RESPONSE:**

18. All documents showing that AMEX conducted improper account reviews.

**RESPONSE:**

19. All documents relating to any collection efforts on your AMEX account.

**RESPONSE:**

20. All documents showing that AMEX disseminated information about Plaintiff to third parties other than credit reporting agencies.

**RESPONSE:**

21. All "court documents" and "other documentation" plaintiff forwarded showing the alleged inaccuracies as set forth in paragraph 20 of the 5th Amended Complaint –Third Version.

**RESPONSE:**

22. All documents supporting or relating to plaintiff discovering a "judgment for a past due balance" as set forth in Count I, paragraph 5 of the 5th Amended Complaint-Third Version"

**RESPONSE:**

Respectfully submitted,

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC.,

By: ______________________________
Elizabeth F. Staruck
One of Its Attorneys

Daniel K. Ryan
Elizabeth F. Staruck
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Phone: 312-704-3000
Fax: 312-704-3001
Atty No. 90384

**UNITED STATES DISTRICT COURT**
**NORHTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL PULLIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08 CV6690** |
| AMERICAN EXPRESS | ) | |
| TRAVEL RELATED SERVICES CO INC, | ) | The Honorable Judge Kennelly |
| TRANS UNION, LLC, | ) | |
| BAKER, MILLER, MARKOFF & | ) | Magistrate Judge Morton Denlow |
| KRASNY, LLC | ) | |

## CERTIFICATE OF SERVICE

The undersigned pro-se Plaintiff, on oath disposes and says that he served the foregoing true and correct copy of Michel Pulliam's Interrogatories, Request to Admit or Deny, and Request for the Production of Documents to Defendant American Express by mailing a copy to the above named at the above listed address by depositing the same in the U.S. Mail at Chicago, Illinois at 4:00pm on October ~~6th~~, 2009 at 20 S. State Street with proper postage prepaid and via fax on October 5th, 2009. 7th

To: Hinshaw & Culbertson LLP, 222 N. LaSalle, Suite 300 Chicago, Il 60601; Attention Elizabeth F. Staruck

Respectfully Submitted,

Michael Pulliam

## CERTIFICATE OF SERVICE BY MAIL

I, Michael Pulliam, hereby certify that I caused a true and correct copy of this Notice and its attached documents to be served via U.S. Mail first class delivery upon the above listed parities in the above captioned action on October ~~6th~~, 2009.

7th

Respectfully Submitted,

Michael Pulliam